Supreme Court, Monroe Special Term, January, 1899. Unreported.

HENRY H. LYMAN *v.* LENA ZIMBRICH and FIDELITY & DEPOSIT CO.,
of Maryland.

DUNWELL, J.: Motion by defendant, Fidelity and Deposit Company of Maryland, to require plaintiff to separately state and number the causes of action, to make the complaint more definite and certain, to strike out portions thereof, or for a bill of particulars. The action is upon a bond and seeks to recover the single penalty provided therein, consequently, but one cause of action is stated, and that part of this motion requiring plaintiff to state separate causes of action must be denied.

That part of the motion seeking to strike out the fifth paragraph of the complaint, the words " pretending to carry on such traffic under and by virtue of such certificate" is denied; and that part of said motion seeking to make said fifth paragraph more definite and certain, or that defendant be furnished with a bill of particulars of same is denied.

That part of the motion to strike out as irrelevant and redundant, the sixth paragraph of the complaint, or to make it more definite and certain, is denied; and that part of the motion to strike out the words "in violation of the conditions and covenants of said bond," in the second and third lines of the sixth paragraph is granted; and that part of said motion to strike out the words in the last four lines of the sixth paragraph, " and that suffering and permitting said premises to so become, be and remain disorderly, was a violation of said Liquor Tax Law, and a breach of the conditions and covenants in said bond contained," is granted.

That part of the motion for a bill of particulars, in respect to allegations of the sixth paragraph is granted, so far as to require plaintiff to set forth, so far as is within his knowledge and information, in substance, the respects in which the premises of defendant Zimbrich were disorderly, and the times and occasions thereof, in respect to which plaintiff expects to give evidence.

That part of the said motion to strike out the words in the second and third lines of the seventh paragraph " in violation of the conditions and covenants of said bond" and the words in the fourth, fifth, sixth, seventh, eighth and ninth lines of said paragraph " in violation and contrary to the provisions of sub-

division 9, section 23 of said Liquor Tax Law, by carrying on and permitting to be carried on, and being interested in a traffic and business, the carrying on of which is a violation of law"; and the words in the last three lines of said seventh paragraph, "All of which is in violation of said section 23, subdivision 9, of said Liquor Tax Law, and a breach of the conditions and covenants in said bond contained," is granted. That part of the motion to make the seventh paragraph of said complaint more definite and certain, and for a bill of particulars in respect to the allegations of the seventh paragraph is denied.

That part of the motion relating to the eighth paragraph of said complaint, requesting that it be made more definite and certain, or for a bill of particulars, is denied.

That part of said motion to strike out as irrelevant and redundant, the ninth paragraph of said complaint, is denied.

The order to be entered upon this decision may provide that plaintiff may serve an amended complaint herein within ten days from the entry of the order, in accordance with the changes provided by said order.

The answer already served to stand as an answer to the amended complaint, or defendant, at its option, to have ten days within which to serve an answer to the amended complaint. The bill of particulars granted by the decision to be served within twenty days from the entry of the order.

The order herein provided for is without costs to either party upon this motion.